## PLOTKIN v MEEKS

Ohio Appeals, 1st Dist, Hamilton Co

No 4838. Decided June 10, 1935

Dolle, O'Donnell & Cash, Cincinnati, for plaintiff in error.

Ophelia Emden, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, J.

Defendant in error, Alice Meeks, brought an action in the Court of Common Pleas against the plaintiff in error, Sarah Plotkin, for damages for personal injuries, claimed to have been received in falling down a stairs in a common hallway in tenement property owned by said Sarah Plotkin.

The trial resulted in a verdict and judgment for plaintiff below in the sum of $4500. Motion for a new trial was overruled, and judgment entered. From that judgment, defendant, Sarah Plotkin prosecutes error.

The petition charges three grounds of negligence: 1st: That the stairway was out of repair, was knotty and uneven. 2nd: Insufficient handrail. 3rd: That the hallway was a common hallway for the use of all the tenants and was not lighted in accordance with the requirements of the ordinances of the city of Cincinnati.

The trial court removed from the consideration of the jury the question of negligence by reason of the stairway being permitted to be out of repair, and the consideration with reference to the handrail. The case went to the jury on the sole question of insufficient lighting of a common hallway and stairway under the ordinances of the city of Cincinnati.

The first error complained of is that the court failed to present to the jury the issue of contributory negligence. Although contributory negligence was not pleaded, it is claimed it was made an issue by the evidence. It is claimed that the plaintiff in error requested in her special charge No. 1 the presentation of this issue to the jury, and that the court erred in refusing this charge. Special charge No. 1, requested by plaintiff in error is as follows:

"If you find from the evidence that the negligence of the plaintiff either directly contributed in the slightest degree to cause the injuries of which she complains, your verdict must be for the defendant."

The vice of this charge is that it suggests to the jury the assumption that plaintiff was guilty of negligence, as indicated by the words "If you find from the evidence that the negligence of the plaintiff", etc. The jury must first have found, and the special charge should have so requested "that if the jury find from the evidence that the plaintiff was guilty of negligence either directly causing or contributing" etc. The charge as requested does not leave to the jury the right to determine whether or not the plaintiff was guilty of contributory negligence, but assumes that, and on that assumption charges that if the jury found the negligence of the plaintiff directly caused or contributed to cause the injuries, the verdict should be for the defendant. This charge would have misled the jury and was properly refused.

Moreover, the defense was based on the theory that the accident happened in midday, when the hallway was lighted from natural light, if it happened at all; and, secondly, that no injuries resulted from any such accident. Just what acts of the plaintiff would be negligence in the premises is not suggested.

In the general charge, the court did charge the jury that:

"If the plaintiff's own testimony raises a presumption in your mind of negligence on her part which was either the sole or contributing cause of her injury, then she must produce evidence that overcomes that presumption in your mind, else she would not be entitled to recover in this case."

While the use of the word "overcomes" is incorrect, this but placed an additional burden on the plaintiff, of which the defendant cannot complain.

The record does not disclose any evidence tending to prove contributory negligence, unless such evidence was produced by the plaintiff's own testimony. The question was, therefore, sufficiently covered under the evidence.

It is next contended that the defendant in error failed to prove that she was an invitee or licensee. The record discloses that the defendant in error, plaintiff below, lived with her mother on the third floor of the defendant's apartment building. It was suggested by counsel for plaintiff in error that an order of eviction had been given to the moth- er, but the evidence is that the notice to the mother was not given until after the date of the accident, if that is of any consequence. She was a tenant in every sense of the word, living with her mother, under arrangements with her mother. Plaintiff below also had her child living with her and her mother. While the mother paid the rent, the plaintiff contributed in other ways toward the maintenance of the household. These facts would also remove any question of error of the court in refusing to give special charge No. 2, requested by plaintiff in error.

Special charge No. 3, requested by the defendant below, which the court refused was as follows:

"There is no evidence that the operation on the plaintiff's elbow in September, 1931, was made necessary by the injury which she claims to have sustained on December 2, 1930, and you will, therefore, dismiss all claims relating to such operation from your deliberations."

The court properly refused this charge, for the reason that there was some evidence tending to connect up the aggravated injury of September. 1931 with the accident of December, 1930.

It is next claimed that the verdict should be set aside as be ng manifestly against the weight of the evidence.

The plaintiff testified that at about seven o'clock on the evening of December 2, 1930, while preparing the evening meal, she started to go to an apartment of another tenant on the floor below, Mrs. Sisson, to get some coffee; that at that time it was after sundown and the hall was unlighted and had been for several days; that she proceeded carefully to feel her way to the stairway and feel for the handrail: that the handrail was in such position that it could not be grasped, being nailed to the wall; that she missed her footing on the top step, that she was unable to grasp the rail and that she fell to the bottom of the flight of stairs, reciving the injuries of which she complains; that she was picked up and assisted to her room by some of the neighboring tenants; that she suffered some fractured ribs and some other bruises and injuries; that she went to Dr. Clark, who taped her ribs; and that she was prevented from working for some time.

Plaintiff is corroborated in her testimony by several witnesses, including the physician Dr. Clark and other medical testimony.

The ordinance of the city of Cincinnati was introduced showing the requirement that landlords and owners of such property keep the stairways and halls lighted after sundown.

This evidence clearly established her case and her right to recover.

The defense in substance was that the accident happened about noon on the day in question. The only witnesses who testified to this were two tenants in an attic room, relatives of the plaintiff, and with whom plaintiff was not on good terms. It was a man and his wife who were under the care of the welfare department of the city; the man being confined to his home with jake legs. The evidence indicates the wife not to have been mentally strong, and, further was prompted by ulterior motives, one enmity to the plaintiff, and the other that she had received numerous gifts from the

plaintiff in error after the accident.

These were all matters for the consideration of the jury, and this court can not say from the record that the jury was wrong in believing the plaintiff and her witnesses.

As to the extent of the injuries and the amount of the damage, the court feels that the evidence will not suppor⁺ the amount of the award. The physician testified that plaintiff suffered from a contused right shoulder, sprained lumbar region, second right rib fracture, some injuries to the right clavicle. a fracture of her right fourth rib, and a contused right elbow. The injuries were not of a permanent nature, except there is some evidence testified to by the plaintiff ▮▮▮▮▮ to the effect that the injuries she received interfere with her ability to bear children. We do not find the evidence sustains this claim. There is a complete recovery from the bruises and fractures as shown by the X-rays and the reading of the X-rays by the physicians for the defendant.

Our conclusion is that the evidence will support a verdict of $3000, but no more. If the defendant in error will remit all in excess of $3,000, the judgment will be affirmed. Otherwise, the judgment will be reversed as being against the weight of the evidence.

ROSS, PJ. and MATTHEWS, J., concur.